Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| D'LEADING BUSINESS SOLUTION; PABLO MORALES-PADILLO, CPA, CFE<br><br>**Recurrente**<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>**Recurrido** | KLCE202400295 | *CERTIORARI,* ***acogido como*** **REVISIÓN JUDICIAL**, Procedente de la Junta Adjudicativa del Departamento de la Familia<br><br>Apelación Núm.: 2024 PROP 00002<br><br>Sobre: Impugnación |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

## SENTENCIA

En San Juan, Puerto Rico, a 21 de marzo de 2024.

Comparece ante nos D'Lending Business Solution Inc. ("Recurrente"o "D'Lending") mediante escrito intitulado *Recurso de Certiorari* presentado el **8 de marzo de 2024,** el cual acogimos como una solicitud de revisión de una decisión administrativa.[1] En este, la Recurrente nos solicita que revoquemos la *Resolución* emitida el **31 de enero de 2024** por la Junta Adjudicativa del Departamento de Familia (la Junta Adjudicativa) notificada, por correo regular el 31 de enero de 2024 y por correo electrónico el 1 de febrero de 2024 Mediante dicha Resolución la Junta Adjudicativa confirmó la adjudicación del Requerimiento de Propuestas (RFP) núm. DF-RFP-24-01

Por los fundamentos expuestos a continuación, **desestimamos** el recurso de epígrafe, por falta de jurisdicción.

### I.

El 1 de septiembre de 2023, el Departamento de la Familia notificó la adjudicación de la Solicitud de Propuesta (RFP) DF.RFP-

---

[1] Véase Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap.XXII-B,R.56.

24-01 para un contrato de servicio de auditoría externa a la firma CPA Díaz Martínez, CSP. Dicha Notificación de Adjudicación contiene una claúsula que advierte a la parte afectada sobre su derecho a presentar una solicitud de reconsideración ante la Junta Adjudicativa, dentro de los diez (10) días siguientes a la notificación de la adjudicación.

Así las cosas, el 11 de septiembre de 2023**,** D'Lending acudió ante la Junta Adjudicativa mediante solicitud de impugnación intitulada *Solicitud de Reconsideración,* en la que expresó estar en desacuerdo con la determinación emitida por el Comité Evaluador del Departamento de la Familia en la determinación sobre la Solicitud de Propuesta DF.RFP-24-01, que otorgó el contrato de servicio de auditoría externa a la firma CPA Díaz Martínez, CSP.

Tras varios trámites procesales, que incluyen la inspección de los expedientes de las propuestas, la Vista Adjudicativa quedó pautada para celebrarse el 2 de enero de 2024. El 12 de enero de 2024, el Oficial Examinador designado, Lcdo. Luis R. Ortiz Segura, sometió el correspondiente Informe en el que recomendó confirmar la determinación del Comité Evaluador del Departamento de la Familia sobre la Solicitud de Propuesta DF-RFP-24-01 .

Mediante *Resolución* emitida el **31 de enero de 2024**, la Junta Adjudicativa adoptó el Informe sometido por el Oficial Examinador y confirmó la determinación del Comité Evaluador del Departamento de la Familia sobre la solicitud de Propuesta DF.RFP-24-01, que otorgó el contrato de servicio de auditoría externa a la firma CPA Díaz Martínez, CSP. En dicha *Resolución,* la Junta Adjudicativa advirtió a las partes sobre el **término de (30) treinta días para presentar solicitud de revisión ante el Tribunal de Apelaciones**, conforme a lo dispuesto en la Sección 4.2 de la Ley de Procedimiento Uniforme el Gobierno de Puerto Rico, (LPAUG) 3 LPRA sec. 9672, y sobre aquellos términos dispuestos en la Sección 3.15 de la Ley

Núm. 38-2017, cuando se presenta una solicitud de reconsideración. La referida *Resolución* fue emitida el 31 de enero de 2024, notificada por correo regular en igual fecha y por correo electrónico a todas las partes el 1 de febrero de 2024.

Inconforme, la Recurrente acude ante esta Curia mediante escrito de revisión presentado el **8 de marzo de 2024** al que anejó *Solicitud de Órdenes en Auxilio e Jurisdicción.* En el recurso de epígrafe, D'Lending le imputa al Departamento de la Familia los siguientes señalamientos de error:

> Primer Error: Cometió grave error revocable el Oficial Examinador al no evaluar los méritos de la solicitud de suspensión sometida por el abogado que suscribe, limitándose procesalmente a adoptar lo resuelto por la Presidenta de la Junta Adjudicativa. Ello sin cumplir y en violación de su responsabilidad y del cargo que como Oficial Examinador designado aceptó realizar. Dicho error se configuró cuando el Oficial Examinador permitió y "adoptó" lo resuelto por la Presidenta de la Junta Adjudicativa, sin evaluar en sus méritos las causas planteadas en la solicitud de suspensión presentada por el abogado que suscribe.
>
> SEGUNDO ERROR: Cometió grave error revocable el Oficial Examinador, al celebrar la vista del 2 de enero de 2024, sin considerar o resolver la solicitud de relevo de representación del abogado que suscribe y permitirle al Peticionario DLBS contratar nueva representación. El haber optado por celebrar una vista ex parte en perjuicio del Peticionario DLBS, constituye una acción contraria a Derecho.
>
> TERCER ERROR: Cometió grave error revocable el Oficial Examinador al privar al Peticionario DLBS de su día en corte, privándole de su derecho a presentar prueba, contrainterrogar a los testigos de las partes contrarias y defenderse de las imputaciones en su contra, lo que constituye una violación al Derecho constitucional del debido proceso de Ley.

El 11 de marzo de 2024, emitimos *Resolución* en la que acogimos el recurso presentado por la Recurrente como una Revisión Judicial y ordenamos al Departamento de la Familia expresarse en torno a la moción en auxilio de jurisdicción interpuesta por la Recurrente.

El 15 de marzo de 2023, compareció ante nosotros el Departamento de la Familia, mediante escrito intitulado *Urgente Oposición a Solicitud de Órdenes en Auxilio de Jurisdicción de esta Honorable Curia en Cumplimiento de Resolución.* En esencia, el

Departamento de la Familia sostiene que carecemos de jurisdicción para atender el recurso presentado por la recurrente por tardío toda vez que presentó el recurso expirado el término jurisdiccional de treinta días. Argumenta, además, que en todo caso, el remedio solicitado es académico, pues, según informa el Departamento de la Familia ya otorgó el contrato objeto del RFP.

**II.**

**A.** *Jurisdicción*

En nuestro sistema de derecho, la jurisdicción consiste en el poder y autoridad que tienen los tribunales para adjudicar casos o controversias, siempre que estos sean justiciables. *JMG Investment, Inc. v. ELA*, 203 DPR 708 (2019); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018). Es responsabilidad de los propios tribunales cerciorarse sobre su jurisdicción, así como la jurisdicción del foro donde procede el recurso, pues ella no puede adjudicarse ni ser subsanada, aun con la anuencia de las partes del pleito. *JMG Investment, Inc. v. ELA*, 203 DPR 708 (2019)*; Fuentes Bonilla v. ELA*, 200 DPR 364 (2018).

El Tribunal Supremo de Puerto Rico ha reiterado que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013). Siendo ello así, las disposiciones que rigen el perfeccionamiento de los recursos a nivel apelativo deberán cumplirse rigurosamente. De esta forma, el derecho a la revisión de una determinación administrativa por el Tribunal Apelativo queda sujeto al estricto cumplimiento del reglamento, las limitaciones legales y su perfeccionamiento.

**B.** *Estándar de Revisión Judicial de Determinaciones Administrativa*

Las determinaciones finales de las agencias administrativas pueden ser revisadas en este Tribunal de Apelaciones mediante el

recurso de revisión administrativa. La parte adversamente afectada por la orden o resolución final de la agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir del archivo en autos de copia de la notificación de la orden o resolución final de la agencia a partir de la fecgaaplicable de las dispuestas en la Sección 3.15 de la LPAUG cuando el término fuera interrumpido por la oportuna presentación de una moción de reconsideración. Sec. 4.2, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9672. "Es norma reiterada en nuestro ordenamiento jurídico que los tribunales apelativos debemos conceder deferencia a las decisiones de las agencias administrativas". *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016). Esto se debe "a la experiencia y el conocimiento especializado que éstas poseen sobre los asuntos que se les han delegado". *Íd.* Las determinaciones de una agencia administrativa gozan de una presunción de corrección. *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 128 (2019). Al evaluar una determinación administrativa, los foros judiciales analizarán los aspectos siguientes: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial, y (3) si las conclusiones de derecho fueron correctas. *Capó Cruz v. Jta. de Planificación et al.,* 204 DPR 581, 591 (2020).

A tenor con lo anterior, los tribunales deben deferencia a las agencias administrativas salvo que: (1) las determinaciones no estén basadas en evidencia sustancial; (2) las conclusiones de derecho fueran incorrectas; (3) la agencia actuara de forma arbitraria, irrazonable o ilegal; o (4) que lesionara derechos fundamentales.

*Super Asphalt v. AFI y otros,* 206 DPR 803, 14 (2021); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36 (2018). En ausencia de ello, "aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida". *Super Asphalt v. AFI y otros, supra*; *ECP Incorporated v. OCS,* 205 DPR 268 (2020). Aun así, "las determinaciones de derecho pueden ser revisadas en su totalidad". *Capó Cruz v. Jta. de Planificación et al., supra.*

### C. El Reglamento del Tribunal de Apelaciones

A su vez, el plazo concedido por la Regla 57 del Reglamento del Tribunal de Apelaciones, establece que el escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación el término se calculará a partir de la fecha del depósito en el correo. 4 LPRA Ap. XXII–B, R. 57.

A tono con lo anterior, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, permite al propio tribunal desestimar un recurso por carecer de jurisdicción.

La Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones le confiere autoridad a este Tribunal para desestimar un recurso por cualquiera de las siguientes circunstancias:

(A)…

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

4 LPRA Ap. XXII–B, R. 83.

**III.**

En el caso que nos ocupa, la *Resolución* final recurrida fue emitida **31 de enero de 2024** por la Junta Adjudicativa. Consta en la propia Resolución que notificada por correo regular en igual fecha. Además fue notificada por **correo electrónico a todas las partes el 1 de febrero de 2024**.[2] El término de treinta días dispuesto por la Sección 4.2 de la LPAUG para presentar recurso de revisión ante este Tribunal de Apelaciones, vencía el **sábado 2 de marzo de 2024**, por lo que se extendió hasta el **lunes 4 de marzo** del corriente año.

Sin embargo, la parte Recurrente presentó el recurso de epígrafe el **8 de marzo de 2024**, por lo que carecemos de jurisdicción para atenderlo por tardío, toda vez que lo presentó expirado el término jurisdiccional dispuesto por nuestro ordenamiento. Examinada la petición de revisión de la parte recurrente, concluimos que carecemos de autoridad para entender en los méritos de esta, toda vez que fue presentada fuera del término jurisdiccional para ello.

En consecuencia, esta Curia no ostenta jurisdicción para atender en los méritos los planteamientos de la Recurrente

Con estos antecedentes, al amparo de la Regla 83 incisos (B) y (C) del Reglamento del Tribunal de Apelaciones, desestimamos el recurso presentado por D'Lending, por falta de jurisdicción.

**IV.**

Por los fundamentos anteriormente expuestos los cuales hacemos formar parte de esta Sentencia desestimamos el recurso presentado por la Recurrente por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[2] *Véase* Anejo 1 de la Oposición presentada por el Departamento de la Familia.